```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

NILDA C. MARUGAME,              )   CIVIL NO. 11-00710 LEK-BMK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
JEH C. JOHNSON, SECRETARY       )
DEPARTMENT OF HOMELAND          )
SECURITY; DEPARTMENT OF         )
HOMELAND SECURITY,              )
                                )
          Defendants.           )
_____ )
```

### ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Before the Court is Plaintiff Nilda C. Marugame's ("Plaintiff") Motion for New Trial ("Motion"), filed on November 26, 2014. [Dkt. no. 143.] Defendants Jeh C. Johnson, Secretary, Department of Homeland Security, and the Department of Homeland Security (collectively, "Defendants") filed their memorandum in opposition on December 10, 2014. [Dkt. no. 146.] The Court has considered the instant Motion as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and the Court will only discuss the background that is relevant to the instant Motion.

On November 23, 2011, Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981a. [Complaint at ¶ 1.] The case proceeded to trial on the following portions of Plaintiff's Title VII claims: Plaintiff's sexual harassment/hostile work environment claims based upon conduct by Christopher Pheasant ("Pheasant"); and Plaintiff's retaliation claim based on her claim that she was coerced into signing a document dated September 4, 2009 stating that she had a consensual affair with Pheasant ("the September 4 Statement"). The jury trial began on October 21, 2014, and the jury began its deliberations on October 29, 2014.

On October 30, 2014, the jury returned a unanimous verdict in favor of Defendants. The jury found that Plaintiff failed to prove, by a preponderance of the evidence, that she was subjected to a sexually hostile work environment through Pheasant's actions. The jury also found that Plaintiff failed to prove, by a preponderance of the evidence, that she engaged in a protected activity prior to signing the September 4 Statement. [Special Verdict Form, filed 10/30/14 (dkt. no. 140), at 1-2.]

The Clerk's Office entered final judgment on October 31, 2014. [Dkt. no. 141.]

In the instant Motion, Plaintiff argues that she is entitled to a new trial pursuant to Fed. R. Civ. P. 59(a)(1)(A) because: 1) this Court erred in giving Jury Instruction No. 4 instead of Ninth Circuit Model Civil Jury Instruction No. 10.2C ("Ninth Circuit Instruction 10.2C"); 2) this Court erred in giving Jury Instruction No. 6 instead of Ninth Circuit Model Jury Instruction No. 10.3 ("Ninth Circuit Instruction 10.3"); and 3) this Court erred in admitting evidence of other agencies' investigations/proceedings regarding the events at issue in this case.[1]

**STANDARD**

This district court has recognized that:

> A court may grant a motion for a new trial on all or some of the issues after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). These historically recognized grounds are not enumerated in the federal rules, and there is no rigid formula for ruling on a motion for a new trial. The Ninth Circuit has held that those grounds upon which a new trial may be granted include: (1) a verdict that is contrary to the clear weight of the evidence; (2) a verdict that is based upon false or perjurious evidence; and (3) to prevent a miscarriage of justice. Molski v. M.J. Cable,

---

[1] It is undisputed that Plaintiff timely filed the instant Motion. See Fed. R. Civ. P. 59(e) (stating that a Rule 59(a) motion must be filed within twenty-eight days of the entry of judgment).

3

Inc., 481 F.3d 724, 729 (9th Cir. 2007) (citing Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 510 n.15 (9th Cir. 2000)). The U.S. Supreme Court has also recognized grounds for new trial if "the verdict is against the weight of the evidence, . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the party moving." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S. Ct. 189, 85 L. Ed. 147 (1940); Molski, 481 F.3d at 729.

Upon a party's motion for new trial, the district court must weigh the evidence and "set aside the verdict of the jury, even though supported by substantial evidence, where in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence." Molski, 481 F.3d at 729 (citation omitted). In other words, there must be a reasonable basis for the jury verdict. "If there is no reasonable basis, however, the absolute absence of evidence to support the jury's verdict makes refusal to grant a new trial an error in law." Id. (citations omitted). The district court does not have to weigh the evidence in a light most favorable to the prevailing party. Landes Constr. Co. v. Royal Bank of Can., 833 F.2d 1365, 1371 (9th Cir. 1987). Instead, if, "having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed," then the motion should be granted. Id. at 1371–72.

Erroneous jury instructions or a court's failure to give adequate instructions is also a basis for a new trial. Murphy v. City of Long Beach, 914 F.2d 183, 186–87 (9th Cir. 1990). If a party alleges that an erroneous jury instruction was given, the erroneous instruction is not grounds for granting a new trial unless the error affects the essential fairness of the trial and a new trial is necessary to achieve substantial justice. Jazzabi v. Allstate Ins. Co., 278 F.3d 979, 985 n.24 (9th Cir. 2002); McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553, 104 S. Ct. 845, 78 L. Ed. 2d 663 (1984); Fed. R. Civ. P. 61.

>     A motion for new trial should not be granted
>     "simply because the court would have arrived at a
>     different verdict." Pavao v. Pagay, 307 F.3d 915,
>     918 (9th Cir. 2002).

Black v. City & Cnty. of Honolulu, CV. NO. 07-00299 DAE-LEK, 2009 WL 4217460, at *3-4 (D. Hawai`i Nov. 25, 2009) (alteration in Black).

As to Plaintiff's argument regarding the erroneous admission of evidence, the following standard applies:

>     Where a motion for a new trial is based on an
>     evidentiary error, a new trial is warranted only
>     if the erroneous admission of the evidence
>     "substantially prejudiced" a party. Ruvalcaba v.
>     City of L.A., 64 F.3d 1323, 1328 (9th Cir. 1995);
>     see also Martin [v. Cal. Dep't of Veteran
>     Affairs], 560 F.3d [1042,] 1046 [(9th Cir. 2009)]
>     (stating that Court of Appeals will not reverse a
>     district court's evidentiary rulings "in the
>     absence of prejudice").

Chapman v. Journal Concepts, Inc., Civil No. 07-00002 JMS/LEK, 2009 WL 1561567, at *2 (D. Hawai`i June 3, 2009).

## DISCUSSION

### I. Jury Instruction No. 4

Jury Instruction No. 4 addressed Plaintiff's sexual harassment/hostile work environment claim. Plaintiff argues that it improperly "introduced a 'good-faith' mistaken belief defense." [Mem. in Supp. of Motion at 2.] Jury Instruction No. 4 stated, in pertinent part:

>     The plaintiff seeks damages from the
>     defendant for a hostile work environment caused by
>     sexual harassment. The plaintiff has the burden
>     of proving both of the following elements by a

5

> preponderance of the evidence:
>
> 1. the plaintiff was subjected to a sexually hostile work environment by a co-worker; and
>
> 2. the defendant or a member of the defendant's management knew or should have known of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.
>
> . . . .
>
> The defendant's remedial action must be reasonable and adequate. Whether the defendant's remedial action is reasonable and adequate depends upon the remedy's effectiveness in stopping the individual harasser from continuing to engage in such conduct and in discouraging other potential harassers from engaging in similar unlawful conduct. An effective remedy should be proportionate to the seriousness of the offense. **An employer which investigates and reasonably concludes that no hostile work environment occurred is not liable for a hostile work environment, even if that conclusion was mistaken**. **However, an investigation that is rigged to reach a pre-determined conclusion or otherwise conducted in bad faith will not satisfy the employer's remedial obligation.**

[Jury Instructions, filed 10/29/14 (dkt. no. 131), at 5-6 (emphasis added).] This Court gave Jury Instruction No. 4 over Plaintiff's objection. It was a modified version of Ninth Circuit Instruction 10.2C. See Def.'s Proposed Jury Instructions No. 1-21, filed 10/7/14 (dkt. no. 104), at 27-29. The above-quoted portion of Jury Instruction No. 4 in bold was an addition to Ninth Circuit Instruction 10.2C, and the remainder is the same as the model instruction. According to Plaintiff, adding that

6

language to Ninth Circuit Instruction 10.2C was an error which warrants a new trial.

First, the fact that this Court did not give Ninth Circuit Instruction 10.2C verbatim does not automatically constitute legal error. See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 943 (9th Cir. 2011) (stating that "model jury instructions are not blessed with any special precedential authority" (alteration, citation, and internal quotation marks omitted)).

Second, the additional language was taken, almost verbatim, from Swenson v. Potter, 271 F.3d 1184 (9th Cir. 2001):

> [T]he employer will insulate itself from Title VII liability if it acts reasonably. Obviously, **the employer can act reasonably, yet reach a mistaken conclusion as to whether the accused employee actually committed harassment**. See Harris v. L & L Wings, Inc., 132 F.3d 978, 984 (4th Cir. 1997) ("[A] good faith investigation of alleged harassment may satisfy the 'prompt and adequate' response standard, even if the investigation turns up no evidence of harassment . . . [and] a jury later concludes that in fact harassment occurred." (citations omitted)).

Id. at 1196 (some alterations in Swenson) (emphasis added).

> The most significant immediate measure an employer can take in response to a sexual harassment complaint is to launch a prompt investigation to determine whether the complaint is justified. An investigation is a key step in the employer's response, see Swentek v. USAIR, Inc., 830 F.2d 552, 558 (4th Cir. 1987) (employer obliged to investigate complaint and to present a reasonable basis for its subsequent action), and can itself be a powerful factor in deterring future harassment. By opening a sexual harassment

7

> investigation, the employer puts all employees on notice that it takes such allegations seriously and will not tolerate harassment in the workplace. An investigation is a warning, not by words but by action. We have held, however, that the "fact of investigation alone" is not enough, Fuller [v. City of Oakland], 47 F.3d [1522,] 1529 [(9th Cir. 1995)]. **An investigation that is rigged to reach a pre-determined conclusion or otherwise conducted in bad faith will not satisfy the employer's remedial obligation.** See id.

Id. at 1193 (emphasis added). This Court therefore concludes that Jury Instruction No. 4 was an accurate statement of the law.

Plaintiff has failed to establish either that giving Jury Instruction No. 4 was a legal error which affected the essential fairness of the trial or that a new trial is necessary to achieve substantial justice.[2] See Jazzabi, 278 F.3d at 985 n.24. The Court therefore DENIES Plaintiff's Motion as to her argument based on Jury Instruction No. 4.

## II. **Jury Instruction No. 6**

Jury Instruction No. 6 addressed Plaintiff's retaliation claim. It stated, in pertinent part:

> The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

---

[2] Even if it was error to give the disputed portion of Jury Instruction No. 4, this Court would find that the error did not affect the essential fairness of the trial. Because the jury found that Plaintiff did not prove, by a preponderance of the evidence, that she was subjected to a sexually hostile work environment, it did not reach the question of whether the response to Plaintiff's report of sexual harassment was reasonable and adequate. [Special Verdict Form at 1-2.]

8

>             1. the plaintiff engaged in or was engaging
> in an activity protected under federal law, that
> is, complaining that she was sexually harassed by
> a coworker;
>
>             2. the employer subjected the plaintiff to
> an adverse employment action, that is, the
> employer required her to sign a September 4, 2009
> statement that she was not sexually harassed, when
> the employer knew the statement was untrue; and
>
>             3. the plaintiff was subjected to the
> adverse employment action because of her
> participation in protected activity.

[Jury Instructions at 10.] Plaintiff argues that this Court should have given Ninth Circuit Instruction 10.3 because: 1) the "when the employer knew the statement was untrue" language in Jury Instruction No. 6 was confusing; and 2) Jury Instruction No. 6 failed to inform the jury that "[i]nformal as well as formal complaints or demands are protected activities under Title VII." [Mem. in Supp. of Motion at 6.]

This Court gave Jury Instruction No. 6 over Plaintiff's objection. It was based upon Ninth Circuit Instruction 10.3. See Def.'s Proposed Jury Instructions No. 1-21 at 30-31. Thus, Plaintiff essentially objects to the language used to describe the activity referred to in paragraph 1 and the language used to describe the adverse employment action in paragraph 2. See 9th Cir. Model Civ. Jury Instr. 10.3.

Plaintiff is correct that an informal complaint is a protected activity under Title VII. See Ray v. Henderson, 217 F.3d 1234, 1240 & n.3 (9th Cir. 2000). Jury Instruction No. 6

9

asked the jury to determine whether Plaintiff engaged in a protected activity by "complaining that she was sexually harassed by a coworker." [Jury Instructions at 10.] Nothing in Jury Instruction No. 6's description of the protected activity at issue in this case precluded the jury from finding that an informal complaint or demand by Plaintiff was a protected activity, nor did the instruction suggest that only formal complaints or demands constitute protected activities. This Court therefore concludes that Jury Instruction No. 6 was an accurate statement of the law.

Further, this Court finds that the "when the employer knew the statement was untrue" explanation is not misleading or confusing. Requiring an employee to sign a statement that the employer believes is true is not an adverse employment action. Even if it was error to include that language in Jury Instruction No. 6, this Court would find that the error did not affect the essential fairness of the trial. Because the jury found that Plaintiff did not prove, by a preponderance of the evidence, that she engaged in a protected activity prior to signing the September 4 Statement, it did not reach the question of whether "the defendant retaliated against her for complaining about a sexually hostile work environment by coercing her into signing [the September 4 Statement] that defendant knew to be false." [Special Verdict Form at 2-3.]

Plaintiff has failed to establish either that giving Jury Instruction No. 6 was a legal error which affected the essential fairness of the trial or that a new trial is necessary to achieve substantial justice. The Court therefore DENIES Plaintiff's Motion as to her argument based on Jury Instruction No. 6.

**III. Evidence of Other Agencies' Investigations/Proceedings**

Plaintiff's final argument is that she is entitled to a new trial because this Court admitted evidence of other agencies' investigations/proceedings regarding the events at issue in this case. She contends that, because the standards applicable in those investigations and proceedings differed from her burden of proof in this case, evidence of the other investigations and proceedings was irrelevant. Further, even if the evidence was relevant, this Court should have excluded it because it was more prejudicial than probative and it was confusing to the jury. These are the same arguments that Plaintiff raised in her Motion in Limine to Exclude Other Agency Investigations ("Plaintiff's Motion in Limine No. 5"), [filed 9/30/14 (dkt. no. 88),] about the investigations conducted by the Kauai Police Department ("KPD") and the Office of Inspection ("OI").

This Court denied Plaintiff's Motion in Limine No. 5, to the extent that this Court ruled that:

> witnesses may testify about the KPD and OI investigations, including: testimony by the

>     investigating officers as to what was done to
>     investigate and why; and testimony by the
>     Department [of Homeland Security]'s employees as
>     [to] what conclusions and decisions they reached,
>     and what actions they took, if any, as a result of
>     the information received from these
>     investigations.  The Court FINDS that these
>     investigations are relevant to the issue of
>     whether Defendants acted reasonably in taking
>     remedial actions following Plaintiff's report that
>     she was sexually harassed by Mr. Pheasant, and any
>     prejudice or confusion from the information is
>     outweighed by this relevance, and can be mitigated
>     by proper jury instruction. . . .

[EO: Court Rulings on Motions in Limine, filed 10/15/14 (dkt. no. 116), at 4.]  The instant Motion also argues that this Court erred in admitting evidence regarding the state court proceedings related to Plaintiff's application for a temporary restraining order against Pheasant.  Although Plaintiff did not raise those proceedings in Motion in Limine No. 5, the same analysis applies.

The instant Motion does not present any reason that requires reconsideration of this Court's ruling regarding the relevance of the other agencies' investigations and proceedings.  This Court instructed the jury that:

>     You have heard evidence regarding the
> opinions of investigators from the Kauai Police
> Department and the Office of Investigation
> regarding plaintiff's claim that Mr. Pheasant
> subjected her to a sexually hostile work
> environment.  You may consider that evidence for
> the purpose of determining whether defendant acted
> reasonably in responding to her claims.  You
> should not consider that evidence for the purpose
> of determining whether plaintiff was subjected to
> a sexually hostile work environment.

12

[Jury Instructions at 6-7.] This instruction addressed any possible jury confusion about differences in the burden of proof. The jury is presumed to have followed the Court's instructions. See Deck v. Jenkins, 768 F.3d 1015, 1023-24 (9th Cir. 2014) (citing Weeks v. Angelone, 528 U.S. 225, 234, 120 S. Ct. 727, 145 L. Ed. 2d 727 (2000)).

This Court concludes that Plaintiff has failed to establish that admitting evidence of the other agencies' investigations and proceedings was an error that substantially prejudicial to her. See Ruvalcaba, 64 F.3d at 1328. The Court therefore DENIES Plaintiff's Motion as to the admission of evidence regarding other investigations and proceedings.

**IV. Overall Review**

Having given full respect to the jury's findings and having reviewed the entire record of evidence at trial, this Court finds that there was a reasonable basis for the jury verdict. Further, this Court does not have a definite and firm conviction that a mistake has been committed. See Molski, 481 F.3d at 729; Landes Constr., 833 F.2d at 1371–72. This Court therefore CONCLUDES that Plaintiff has not established any ground that warrants a new trial pursuant to Rule 59(a)(1)(A).

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for New Trial, filed November 26, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 8, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NILDA MARUGAME VS. JEH C. JOHNSON, ETC., ET AL; CIVIL 11-00710 LEK-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**