IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NILDA C. MARUGAME,<br><br>Plaintiff,<br><br>vs.<br><br>JEH C. JOHNSON, SECRETARY DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | ) | CIV. NO. 11-00710 LEK-BMK<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS**

Before the Court is Plaintiff Nilda C. Marugame's Motion to Review Taxation of Costs, filed December 10, 2014. (Doc. 147.) Defendants Jeh C. Johnson, Secretary of the Department of Homeland Security, and the Department of Homeland Security (collectively "Defendants" or "Government"), filed a memorandum in opposition to Plaintiff's Motion on December 22, 2014. (Doc. 149.) On December 11, 2014, this Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). (Doc. 148.) After careful consideration of the Motion, the supporting and opposing memoranda, and the relevant legal authority, the Court hereby finds and

recommends that Plaintiff's Motion be DENIED for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case, and therefore, the Court will only discuss the background that is relevant to the instant Motion.

On November 23, 2011, Plaintiff Nilda C. Marugame ("Plaintiff") filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981a. (Doc. 1 at 1-2, ¶ 1.) The case proceeded to trial on two of Plaintiff's Title VII claims: Plaintiff's sexual harassment/hostile work environment claims, based upon conduct by Christopher Pheasant ("Pheasant"), and Plaintiff's retaliation claim, based on her claim that she was coerced into signing a document stating that she had a consensual affair with Pheasant. The jury trial began on October 21, 2014, and the jury began its deliberations on October 29, 2014. (Docs. 124, 133.)

On October 30, 2014, the jury returned a unanimous verdict in favor of Defendants. (Doc. 140.) The Clerk's Office entered final judgment on October 31, 2013. (Doc. 141.) The Government timely filed a Bill of Costs on November 10, 2014. (Doc. 142.) Plaintiff made no objection to the Bill of Costs filed by the Government, and on December 3, 2014, the Clerk of Court taxed costs against Plaintiff in the amount of $17,988.15. (Doc. 145 at 1.)

On December 10, 2014, Plaintiff filed a Motion to Review Taxation of Costs, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 54,[1] and argues that Plaintiff is a Transportation Security Officer, the "lowest paid TSA position," and that the Court may consider "the disparity of financial resources" in reviewing the taxation of costs. (Doc. 147-1 at 1-2.) Plaintiff further argues that "the award of costs would chill important civil rights cases." (Doc. 147-1 at 2.) Apart from these conclusory statements, Plaintiff offered no explanation or argument to support her assertions that a denial of costs is appropriate in this case.

On December 22, 2014, the Government filed its Memorandum in Opposition to Plaintiff's Motion, arguing that Plaintiff has not overcome her burden of demonstrating a denial of the Government's presumed costs is warranted. (Doc. 149 at 3.) For the reasons discussed below, this Court agrees.

## DISCUSSION

Pursuant to FRCP Rule 54(d)(1), costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. FRCP Rule 54(d)(1); see also Local Rule LR 54.2(a). Pursuant to Local Rule LR

[1] FRCP Rule 54 provides, in relevant part, that

> [u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FRCP Rule 54(d)(1).

54.2(d),

> **Within seven (7) days after a Bill of Costs is served, the party against whom costs are claimed must file and serve any specific objections, succinctly setting forth the grounds and authorities for each objection**. Upon the timely filing of any objections, the clerk will refer both the Bill of Costs and objections to the court for a determination of taxable costs. If no such memorandum is filed within the required time, the movant shall notify the clerk that no objections have been filed. **When no timely objection has been filed, the clerk may tax all of the requested costs on fourteen (14) days' notice**.

(Emphasis added.) The Local Rules provide that the taxation of costs "may be reviewed by the court upon motion filed and served within seven (7) days after taxation by the clerk[.] Local Rule LR 54.2(e); FRCP Rule 54(d)(1). FRCP Rule 54(d) creates a presumption for awarding costs to prevailing parties, and the losing party must show why costs should not be awarded. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (citations omitted). It is incumbent upon the non-prevailing party to demonstrate why costs should be denied. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999).

The Ninth Circuit has recognized several grounds as appropriate reasons to deny costs, including

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.

Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014).

While this is not an "exhaustive list of 'good reasons' for declining to award costs," it is a starting point for this Court's analysis. Id. at 1248 (internal quotation marks and citation omitted.)

In this case, the Government filed a Bill of Costs on November 10, 2014. (Doc. 142.) Plaintiff failed to file any objections to the Bill of Costs.[2] On December 3, 2014, costs in the amount of $17,988.15 were taxed against Plaintiff. (Doc. 145.) On December 10, 2014, Plaintiff first objected to Defendants' request for costs by generally asserting that this Court should deny costs due to Plaintiff's limited financial resources and based on the chilling effect a cost award would have on future similar actions. (Docs. 147, 147-1.) Apart from these general assertions, however, Plaintiff fails to make any argument to this Court as to why it should consider any of these reasons as a basis for denying costs in this case. For the reasons discussed below, this Court recommends that Plaintiff's Motion to Review Taxation of Costs be DENIED.

**1. Party's Limited Financial Resources**

Plaintiff first argues that the Court should deny costs due to her limited financial resources. "Costs are properly denied when a plaintiff would be rendered indigent should she be forced to pay the amount assessed." Escriba, 743 F.3d at 1248 (internal quotation marks omitted); Stanley, 178 F.3d at 1079

[2] Plaintiff does not indicate why she failed to timely object to the Government's Bill of Costs.

("Indigency is a factor that the district court may properly consider in deciding whether to award costs."). Although Plaintiff failed to object to the Government's Bill of Costs, Plaintiff now contends that she is a Transportation Security Officer, "the lowest paid TSA position," and given the "disparity of financial resources" between the parties, this Court should deny the Government's request for costs in this case. (Doc. 147-1 at 2.)

In Escriba, an employee at a poultry processing plant unsuccessfully litigated a Family and Medical Leave Act claim against her former employer, Foster Farms. 743 F.3d at 1239. Foster Farms, as the prevailing party, moved to tax costs in the amount of $13,958.16 against Escriba. Id. at 1239, 1247. The district court concluded that plaintiff's limited financial resources weighed against taxing costs. Id. at 1248. The Ninth Circuit Court affirmed, denying taxation of costs because, amongst other reasons, (1) plaintiff earned an average of $11,622 per year while working for Foster Farms and the costs being sought by defendant exceeded her average annual earnings; and (2) plaintiff's efforts to secure steady employment post-termination from Foster Farms had been unsuccessful. Id. at 1248.

In Stanley, plaintiff filed suit against defendants, her former employer, alleging violations of the Equal Pay Act and a breach of her employment contract. 178 F.3d at 1073. The district court granted summary judgment in favor of

defendants, and awarded costs to defendants as "prevailing parties" pursuant to FRCP Rule 54(d)(1). Id. at 1073, 1079. The Ninth Circuit Court reversed the district court's award of costs to defendants, finding, in part, that the payment of costs would render plaintiff indigent. 178 F.3d at 1079. The Stanley Court held that the mere fact that plaintiff had not obtained employment at the time of the filing of the defendant's bill of costs "is persuasive evidence of the possibility she would be rendered indigent" should she be forced to pay the $46,710.97 cost award. Id. at 1080.

Unlike the facts presented in Escriba and Stanley, in this case, Plaintiff has failed to present any evidence that financial hardship justifies a denial of costs. In this case, costs in the amount of $17,988.15 were taxed against Plaintiff. (Doc. 145.) Plaintiff has provided no information about the current state of her finances, nor does Plaintiff make any representation as to her employment status or current salary. Further, Plaintiff failed to raise any objection to Defendant's Bill of Costs indicating an inability to pay, or that Plaintiff would be rendered indigent if she were required to pay the amount of costs that were taxed against her. Plaintiff has also failed to provide this Court with any information to determine whether the disparity in the parties' financial resources provides a basis for denying the costs sought by Defendants. Accordingly, this Court finds that Plaintiff has not established indigence.

**2. Chilling Effect on Important Civil Rights Cases**

Plaintiff next argues that an award of costs in this case "would chill important civil rights cases." (Doc. 147-1 at 2.) The Ninth Circuit has recognized that the imposition of high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation. Stanley, 178 F.3d at 1080. Here, however, the imposition of costs will not have a chilling effect on future Title VII litigants because the costs accumulated in this case, after three years of unsuccessful litigation, are not unreasonably high. See Haldeman v. Golden, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089, at *1, 4 (D. Haw. May 28, 2010) (taxing costs in the amount of $22,235.08 against plaintiffs after plaintiffs unsuccessfully litigated their case for nearly four and a half years). Accordingly, this Court finds that Plaintiff has not established that an award of costs in this case would chill future Title VII litigants.

**CONCLUSION**

For the reasons stated above, this Court finds that the reasons advanced by Plaintiff for denying costs are conclusory and are not sufficiently persuasive to overcome the presumption that Defendant, as the prevailing party, is entitled to an award of costs. Accordingly, this Court recommends that Plaintiff's Motion to Review Taxation of Costs be DENIED.

\\

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 13, 2015.




/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Marugame v. Jeh C. Johnson, etc., et al., Civ. No. 11-00710 LEK-BMK, FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS.